**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
ROBERT PETERSON,                  :
a/k/a Parrish Chandler,           :
                                  :   Civil Action No. 10-4756 (RBK)
              Plaintiff,          :
                                  :
              v.                  :   MEMORANDUM OPINION
                                  :
JAMES HERLIHY, et al.,            :
                                  :
              Defendants.         :
```

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Robert Peterson
Cape May County Correctional Center
4 Moore Road
Cape May Court House, NJ  08210

**KUGLER,** District Judge

Plaintiff Robert Peterson, a prisoner confined at Cape May County Correctional Center in Cape May Court House, New Jersey, seeks to bring this civil action asserting claims pursuant to 42 U.S.C. § 1983.  Plaintiff neither prepaid the $350 filing fee nor submitted an application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

Civil actions brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2)(B) (<u>in</u> <u>forma</u> <u>pauperis</u>

actions).  <u>See also</u> 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42

U.S.C. § 1997e (dismissal of prisoner actions brought with

respect to prison conditions).  If the Court dismisses the case

for any of these reasons, the PLRA does not suspend installment

payments of the filing fee or permit the prisoner to get back the

filing fee, or any part of it, that has already been paid.

    If the prisoner has, on three or more prior occasions while

incarcerated, brought in federal court an action or appeal that

was dismissed on the grounds that it was frivolous or malicious,

or that it failed to state a claim upon which relief may be

granted, he cannot bring another action <u>in</u> <u>forma</u> <u>pauperis</u> unless

he is in imminent danger of serious physical injury.  28 U.S.C.

§ 1915(g).

    In this action, Plaintiff failed either to prepay the filing

fee or to submit a complete <u>in</u> <u>forma</u> <u>pauperis</u> application as

required by 28 U.S.C. § 1915(a)(1), (2), including a certified

account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>,

42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79

Fed.Cl. 769 (2007).

    The allegations of the Complaint do not suggest that

Plaintiff is in imminent danger of serious physical injury.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: September 23, 2010

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

4